**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARCUS BLACKWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO.: 06-CV-6789 |
| | ) | |
| TERRY McCANN, Warden<br>Stateville Correctional Center | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Marcus Blackwell ("Blackwell") has filed an application for a certificate of appealability [38] pursuant to 28 U.S.C. § 2253(c). For the reasons stated below, the application [38] is respectfully denied.

## I. Background

Petitioner Marcus Blackwell ("Blackwell") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, in which he presented eight claims: (1) his extended-term sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because facts that justified the extended sentence were not found by a jury beyond a reasonable doubt; (2) his sentences were excessive because they failed to account for his rehabilitative potential; (3) the trial court erred by denying his motion for directed verdict; (4) the trial court erred by denying his motion to suppress statements he made during an interrogation; (5) the trial court erred by considering, during sentencing, statements that he had made without benefit of *Miranda* warnings; (6) the trial court erred by relying on perjured testimony from a witness; (7) ineffective assistance of trial counsel; and (8) ineffective assistance of appellate counsel. Respondent, Warden Terry McCann, moved to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1)(A). In his motion,

Respondent argued that under AEDPA's one-year statute of limitations (see *Jimenez v. Quarterman*, 129 S. Ct. 681, 683 (2009)), Blackwell's habeas petition was due on or before December 1, 2006, but was not filed until December 4, 2006. Respondent further argued that equitable tolling of the AEDPA statute of limitations period was unwarranted because Blackwell could not demonstrate that extraordinary circumstances beyond his control prevented the timely filing of the petition.

In a memorandum opinion and order issued on September 29, 2008, this Court granted Respondent's motion and dismissed Blackwell's habeas petition as time-barred. Blackwell seeks to appeal the Court's decision, and thus has filed an application for a certificate of appealability.

## II. Discussion

This Court has discretion to issue a certificate of appealability ("COA") "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). The Supreme Court has held that when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, "[d]etermining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. And, as the Seventh Circuit has stressed, "[i]f success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no

certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

In his application, Blackwell contends that reasonable jurists could debate the following questions: (i) whether the court could grant equitable tolling under the extraordinary circumstances present in this case; (ii) whether equitable tolling should be granted because Blackwell made a credible claim of actual innocence; and (iii) whether Blackwell's incarceration since age 16 should be taken into account in determining whether to review the circumstances of his case. Although the third of these grounds is not articulated as clearly as the first two asserted grounds, it appears that each of Blackwell's arguments challenges the Court's procedural ruling that review of the merits of Blackwell's petition was foreclosed on statute of limitations grounds and not excused by equitable tolling.

In regard to Blackwell's request for a certificate of appealability, the threshold question is whether he presents a "substantial argument that the district judge erred" in resolving the non-constitutional question – here, "compliance with the statute of limitations" – for if that question is answered in the negative, "then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis*, 349 F.3d at 1029. Here, Respondent argues, and Blackwell does not contest, that the one-year AEDPA statutory period began to run on December 1, 2005, when the Illinois Supreme Court denied the petition for leave to appeal pertaining to Blackwell's post-conviction petition. See *Lawrence v. Florida*, 127 S. Ct 1079, 1083 (2007) (holding that the petition is no longer "pending" for the purposes of tolling the AEDPA statute of limitations period under 28 U.S.C. § 2244(d)(2) after the state court's review is complete, regardless of whether the petitioner seeks *certiorari* from the United States Supreme Court). Therefore, the one-year limitations period expired on December 1, 2006.

Blackwell concedes that his habeas petition was filed on December 4, 2006, three days beyond the statutory deadline. The viability of Blackwell's habeas petition therefore depended on his equitable tolling arguments.

In his habeas petition, Blackwell argued that the following "extraordinary circumstances" prevented him from filing his habeas petition in a timely manner: (i) his lack of a high school education and inability to understand habeas corpus law; (ii) his dependence on legal assistance from another inmate who was unexpectedly placed in segregation on October 9, 2006, while working on Blackwell's habeas petition, rendering Blackwell unable to retrieve his petition for almost two months; and (iii) persistent lockdowns at Stateville Penitentiary that prevented him from accessing the law library, copying, and mailing his petition before December 4, 2006. The Seventh Circuit has recognized that equitable tolling may be applied to 28 U.S.C. §2244(d) "when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007); see also *Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir. 2005). At the same time, the Seventh Circuit has emphasized that "equitable tolling is rarely granted." *Lo*, 506 F.3d at 576.

As explained in detail in the Court's memorandum opinion and order [35], the Seventh Circuit has issued numerous opinions on the subject of equitable tolling under the AEDPA. Those opinions, taken as a whole, constitute a substantial body of precedent to which district courts may turn in considering analogous circumstances presented in habeas petitions. Applying that body of precedent, the Court concluded – and still concludes today – that Blackwell's circumstances, while difficult and unfortunate, were not "extraordinary" under Seventh Circuit precedent. Furthermore, they did not truly "prevent" Blackwell from filing his petition in a

timely manner, because, despite these impediments, it would have been possible for Blackwell to make a timely filing had he been more diligent.

In particular, limited education and a lack of knowledge about the legal system "do not constitute the kind of extraordinary circumstances that justify equitable tolling." *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001), overruled on other grounds by *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001). Nor, under Seventh Circuit precedent, are incapacity or error by legal counsel circumstances that triggers equitable tolling. *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003) (refusing to apply equitable tolling when a habeas petitioner's attorney had filed his petition one day late because of physical and mental ailments). Petitioners like Blackwell "bear ultimate responsibility for their filings, even if that means preparing duplicative petitions: petitioners, 'whether in prison or not, must vigilantly oversee the actions of their attorneys and, if necessary, take matters into their own hands'" in order to meet relevant deadlines. *Id*. (quoting *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001)). In addition, a lack of access to legal papers is not an extraordinary circumstance sufficient to justify equitable tolling. See *Lloyd v. Van Natta*, 296 F.3d 630, 634 (7th Cir. 2002) (holding that a habeas petitioner's lack of access to a trial transcript did not warrant equitable tolling). Nor do difficult and unpredictable prison conditions constitute extraordinary circumstances warranting equitable tolling. See *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (holding that equitable tolling was not justified when a habeas petitioner himself was placed into segregation for 60 days during which time he had no access to the library). And, finally, a claim of actual innocence itself "is not a freestanding exception" to the time limits imposed by 28 U.S.C. § 2244(d), and therefore does not justify equitable tolling where, as here, the assertion of actual innocence does not rest on a newly discovered factual basis. See *Araujo*, 435 F.3d at 682. As the Seventh Circuit has

held, "[a]ctual innocence without a newly discovered claim does nothing at all" to toll the limitations period. *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005).

On the basis of the foregoing application of law to the facts of this case, the Court concluded that neither Blackwell's lack of education, nor the segregation of Blackwell's legal advisor, nor the conditions at Stateville, nor Blackwell's actual innocence claim constitute "extraordinary circumstances" that prevented Blackwell from having the opportunity to timely file his habeas petition. Accordingly, the Court held that equitable tolling was unavailable to excuse the filing of the habeas petition beyond the limitations period prescribed by Congress under the AEDPA. And given the controlling precedent cited above, the Court concludes that no substantial argument can be made that the Court erred in dismissing Blackwell's habeas petition as time-barred under 28 U.S.C. § 2244(d)(1)(A). Accordingly, "because there is no substantial argument * * * that [Blackwell's] petition is timely, it would be inappropriate to issue a certificate even if one or more constitutional contentions had been substantial, for it is pointless to brief the merits when the statute of limitations halts the proceedings at the threshold." *Davis*, 349 F.3d at 1029; see also *Slack*, 529 U.S. at 484 ("where a plain procedural bar is present and the district court is free to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in resolving the procedural question or that the petitioner should be allowed to proceed further").

## III. Conclusion

For the reasons stated above, Petitioner Blackwell's application for a certificate of appealability [38] pursuant to 28 U.S.C. § 2253(c) is respectfully denied.

Dated: February 4, 2009

____________________________________
Robert M. Dow, Jr.
United States District Judge